## CHARLES HARGER
vs.
## GEORGE READINGS, JR., ET AL.

Superior Court      New Haven County      File #48874

Present:   Hon. ARTHUR F. ELLS, Judge.

Edward J. Brennan,              Attorney for the Plaintiff.

Joseph Shelnitz;
Henry T. Istas,                Attorneys for the Defendant.

**MEMORANDUM FILED JUNE 11, 1936.**

ELLS, J. The complaint relates that Ann Readings died

in 1928 leaving a will in which she bequeathed an undivided one-half interest in property on Whitney Avenue, New Haven, to her husband for life and then to his three children and her own son, the plaintiff. Her husband owned the other half, and was executor of her estate. He applied to the Probate Court for authority to sell and did sell, in 1928, to himself, and made return that he sold for $4750., but in fact paid nothing. He at once mortgaged it for $4000., then quitclaimed it to his three children, without consideration, and they readjusted the mortgage and increased it to $6000. The executor husband died in 1934 without estate and without even accounting for the $4750. It is further represented he made the conveyance to his own children for the purpose of defrauding the plaintiff, Anna Readings' only child and devisee, and that the grantees, his children, took it with full knowledge of the fraud, and that there was a conspiracy to defraud.

The answer denies the principal allegation and pleads affirmatively:

First, that the plaintiff, of full age, had legal notice of the sale and took no appeal. This has no relevancy to the cause of action stated in the complaint, and the demurrer is therefore sustained.

Second, that more than seven years have elapsed since the sale "and the doings of" the executor, and that this action is therefore outlawed. This does not meet the complaint, which alleged he continued as executor until his death in 1934 and that he failed to account. There are other obvious reasons for sustaining the demurrer to this defense.

Third, that the plaintiff had full knowledge of the things he now complains of, but failed to sue and is now estopped. There is no legal validity to this defense, and the demurrer is sustained.

The demurrer is sustained.